CORN EXCHANGE BANK TRUST COMPANY, Plaintiff, *v.* ALBERT L. GIFFORD, Defendant.

Supreme Court, New York County, June 30, 1934.

*Loughlin, Gerard, Bowers & Halpin* [*Spotswood D. Bowers* of counsel], for the plaintiff.

*Brown, Benton & Watts* [*Robert Burnham Watts* of counsel], for the defendant.

COTILLO, J. This is an action on a continuing guaranty signed by the defendant in favor of the plaintiff whereby the defendant guaranteed the prompt payment of every obligation of Tompkins & Bevers, Inc., due to the plaintiff· to the extent of $100,000 and reading as follows: " My liability hereunder shall not extend beyond the said sum $100,000 at any one time, but this guaranty is a *continuing guaranty* for the said sum and shall remain in force until duly revoked by me by notice in writing to the said Company *and shall extend to and cover all renewals of any claims or demands guaranteed under this instrument or the extensions of time of payment thereof.*" The guaranty was given October 14, 1930, in connection with a note of Tompkins & Bevers, Inc., for $85,000. This note at maturity was replaced by a note for $76,000 which in turn became due on May 18, 1931, and was replaced with a note for $70,000 due in one month. On June 8, 1931, the defendant delivered to the plaintiff bank a writing which contained the following: " With reference to the guarantee which I executed and filed with you October 14, 1930, guaranteeing note of Tompkins & Bevers, Inc., in the amount of one hundred thousand dollars ($100,000.00) I hereby, under the terms of such guarantee, revoke same." On June 18, 1931, the plaintiff accepted from Tompkins

& Bevers, Inc., a new note in the sum of $65,000 and thereafter accepted twenty-five different notes from the same corporation until June 16, 1933, when there was due the sum of $40,500 which with interest and fees and after crediting two small payments is now sued for in this action, the amount demanded being $41,806.56. That the plaintiff bank accepted the written revocation of the guaranty admits of no doubt. Subsequently, the plaintiff extended the credit previously extended to the principal debtor. By the terms of the guaranty it was to remain in force until duly revoked. Such revocation rendered the guaranty inoperative which condition prevailed prior to the extension of credit on June 18, 1931, and the later renewals. The renewal or extension of credit on June 18, 1931, obviously was not given under the instrument of guaranty. At the trial the plaintiff's manager testified that following the receipt of the revocation he spoke to the defendant's nephew who was the president of Tompkins & Bevers, Inc., the principal debtor. This was before the renewal or extension of June 18, 1931, and upon being apprised of the condition of the defendant's health did not communicate further with the defendant. There is no force to the argument that the nephew acted as agent for the defendant. The only fair construction that can be placed upon the instrument of guaranty is that the defendant intended thereby to be responsible for the original debt and any extensions granted prior to its revocation. The plaintiff bank could have held the defendant for the balance due up to June 18, 1931. Instead, it saw fit to extend credit after receiving and accepting notice of revocation in writing. *Merchants' National Bank of Whitehall* v. *Hall* (83 N. Y. 338) and *Bank of United States* v. *Chemical Bank & Trust Co.* (140 Misc. 394) are not controlling here. There is nothing in either case to indicate that the guaranty was revoked or if it was that the bank had notice of revocation or of the death of the guarantor. To sustain plaintiff's contention would be tantamount to holding that once a guaranty similar to the one here has been signed the bank might by extending or renewing the original note render it impossible for the guarantor to revoke the guaranty. This would make meaningless the clause in the instrument that the guaranty " shall remain in force until duly revoked " by notice in writing.

Judgment for the defendant. Appropriate exception to the plaintiff. Thirty days' stay of execution is granted and sixty days to make a case on appeal.